UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael Joseph Scott,

        Petitioner,

v.

United States of America,

        Respondent.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 98-179(3) ADM/AJB
Civil No. 05-2805 ADM

---

Virginia G. Villa, Esq., Assistant Federal Public Defender, Minneapolis, MN, on behalf of Petitioner Michael Joseph Scott.

Andrew Dunne, Assistant United States Attorney, Minneapolis, MN, on behalf of Respondent United States of America.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Michael Joseph Scott's ("Petitioner") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence [Docket No. 631].[1]  In his Motion, Petitioner alleges a claim that his counsel was constitutionally deficient for failing to file a notice of appeal of the denial of Petitioner's motion under Federal Rule of Civil Procedure 35.

## II. BACKGROUND

On July 22, 1998, a Superseding Indictment issued charging thirteen defendants, including Petitioner, with federal drug law violations [Docket No. 81].  Petitioner pled guilty to Count 1 of the Superseding Indictment on January 19, 1999, and was sentenced to a term of 225 months on August 3, 1999 [Docket No. 433].

---

[1] All docket numbers reference Criminal No. 98-179(3).

On October 5, 2004, Respondent United States of America ("Respondent") filed a motion for a reduction of Petitioner's sentence based on Rule 35(b) of the Federal Rules of Criminal Procedure [Docket No. 610]. The Rule 35 motion was based upon cooperation by a third party at the Petitioner's behest. The Rule 35 motion was denied [Docket No. 612]. Petitioner filed a Motion for Reconsideration [Docket No. 615] on April 26, 2005; this motion was denied on May 4, 2005 [Docket No. 616]. Finally, Petitioner filed the instant Motion on December 6, 2005, claiming ineffective assistance of counsel based upon his attorney's failure to file a notice of appeal from the order denying his Rule 35 motion.

### III. DISCUSSION

Petitioner argues that he was ineffectively represented by counsel because of his attorney's failure to appeal the denial of his Rule 35 motion. In his Motion, Petitioner states he "didn't know counsel wasn't going to file the appeal." Motion at 6.

In Strickland v. Washington, the Supreme Court set forth the standard for ineffective assistance of counsel claims. 466 U.S. 668 (1984). To properly demonstrate a claim, a defendant must show that his attorney's representation fell below an objective standard of reasonableness. Id. at 687-88. Additionally, the defendant must make a showing of prejudice; that is, that a reasonable probability exists that but for the attorney's errors, the result of the proceeding would have been different. Id. at 694.

In support of his Motion, Petitioner cites case law holding that when counsel fails to initiate an appeal at the request of a defendant, the defendant is entitled to an appeal without having to demonstrate the merits of the appeal. Peguero v. United States, 526 U.S. 23, 28 (1999). Petitioner also cites case law describing a situation in which defendant's counsel failed

to consult with the defendant regarding the possibility of filing an appeal.  Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000).  However, both Peguero and Flores-Ortega involved the failure of counsel to file a notice of direct appeal of a conviction or sentence.

Here, Petitioner does not allege that counsel failed to follow a request to file an appeal, or that his counsel failed to discuss the option of an appeal with him.  Rather, he alleges he "didn't know counsel wasn't going to file the appeal."  This is a substantial and significant difference from the factual patterns described in Peguero or Flores-Ortega.

Moreover, Petitioner points to no case law suggesting that a defendant is not required to demonstrate prejudice when seeking relief on an ineffective assistance of counsel claim when the claim is counsel's alleged failure to notice an appeal from a denied Rule 35 motion.  In fact, what little case law exists on the issue suggests the opposite, citing the difference between direct review as of right of a conviction or sentence and a purely discretionary motion such as a Rule 35 motion.  See Silano v. United States, 621 F.Supp. 1103, 1104-05 (failure of counsel to file a Rule 35 motion does not constitute ineffective assistance of counsel); Escudero–Aponte v. United States, 65 Fed. Appx. 333, 335 (1st Cir. 2003).  Consequently, Petitioner is not exempt from the prejudice showing required by Strickland.

Here, Petitioner can not show he was prejudiced by counsel's alleged failure to appeal the denial of Petitioner's Rule 35 motion.  The granting of a Rule 35 motion rests entirely in the discretion of a district court.  United States v. Griffin, 17 F.3d 269, 270 (8th Cir. 1994).  Thus, to demonstrate prejudice, Petitioner must show that an appeal of the Rule 35 motion would have been successful.  Given the broad discretion granted to trial courts in granting Rule 35 motions,

Petitioner has failed to demonstrate a reasonably probability that an appeal of his Rule 35 motion would have been successful.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Michael Joseph Scott's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence [Docket No. 631] is **DENIED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  May 3, 2006.